IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL RADUSZEWSKI, | :<br>: |
| Plaintiff, | :<br>: |
| v. | : Civil Action No. 19-189-RGA<br>: |
| PERRY PHELPS, | :<br>: |
| Defendant. | : |

Michael Raduszewski, James T. Vaughn Correctional Center, Smyrna, Delaware.
Pro Se Plaintiff.

**MEMORANDUM OPINION**

June 14, 2019
Wilmington, Delaware

ANDREWS, U.S. District Judge:

Plaintiff Michael Raduszewski, an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[1] (D.I. 1). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6). The Court screens and reviews the complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a).

## BACKGROUND

Plaintiff has been incarcerated at the JTVCC since April 2013. He refers to the stipulated agreement entered in *Community Legal Aid Society, Inc. v. Coupe*, Civ. No. 15-688-GMS ("CLASI") at D.I. 38, that addresses the needs of mentally ill inmates housed within the Delaware Department of Correction ("DOC"). Plaintiff alleges that he was one of "the original 100 inmates" that CLASI sought to protect and, since entry of the August 31, 2016 order, Defendant DOC Commissioner Perry Phelps ("Defendant") has sought to undermine and roll back the implementation of solitary confinement reform for seriously mentally ill inmates.[2]

Count One alleges that Plaintiff is not receiving the higher level of care he requires for his mental illness. He also alleges that he has been denied medical treatment for a spine condition and has not received required surgery. He alleges that

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

[2] The Court takes judicial notice that Defendant did not become the DOC Commissioner until January 18, 2017, when he was confirmed by the Delaware Senate. *See* http://doc.delaware.gov/views/office_of_commissioner.blade.shtml (last visited June 11, 2019).

1

he was been placed in the security housing unit ("SHU") to mask DOC violations of the CLASI agreement so the DOC could appear compliant. Plaintiff alleges that he "recs in cages," there is "constant cuffing/shackling, limited phone/family contact, no contact visits, [and] less commissary." (D.I. 1 at 6).

Count Two alleges that Defendant stood in the way of Plaintiff's proper mental health treatment and created conditions "where [Plaintiff] cannot earn good time as a result of retaliation by DOC." (*Id.* at 7). Plaintiff alleges this serves to punish a seriously mentally ill inmate and keeps the inmate in prison longer by denying him the ability to earn all available good time. Plaintiff alleges he is not provided proper treatment, and the DOC is not adhering to all the requirements of the CLASI agreement in violation of procedural and substantive rights to due process. (*Id.*).

Plaintiff seeks injunctive relief, compensatory and punitive damages, and requests counsel.

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). *See also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of*

2

*Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94.

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not

3

dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

**Statute of Limitations.** Plaintiff alleges that Defendant has been violating his civil rights since August 31, 2016. For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275 (1985). In Delaware, § 1983 claims are subject to a two-year limitations period. *See* 10 Del. C. § 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996). Section 1983 claims accrue "when the plaintiff knew or should have known of the injury upon which its action is based." *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998).

The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. *See Benak ex rel. Alliance*

4

*Premier Growth Fund v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 400 n.14 (3d Cir. 2006); *Fassett v. Delta Kappa Epsilon,* 807 F.2d 1150, 1167 (3d Cir. 1986). "[W]here the statute of limitations defense is obvious from the face of the complaint and no development of the factual record is required to determine whether dismissal is appropriate, *sua sponte* dismissal under 28 U.S.C. § 1915 is permissible." *Davis v. Gauby*, 408 F. App'x 524, 526 (3d Cir. 2010) (quoting *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006)). Accordingly a court may dismiss a time-barred complaint *sua sponte* under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. *See Trimble v. County of Beaver, PA*, 615 F. App'x 762, 764 (3d Cir. Sept. 2015).

Plaintiff alleges that Defendant has violated his constitutional rights beginning August 31, 2016. (*See* D.I. 1 at 5). Plaintiff did not file his Complaint until January 27, 2019.[3] Hence, it is evident from the face of the complaint that all claims that accrued prior to January 27, 2017 are barred by the two-year limitations period. Therefore, the Court will dismiss all claims that accrued prior to January 27, 2017, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

**Personal Involvement.** The claims appear to be raised based solely on Defendant's position as a supervisory official. There is no respondeat superior liability

---

[3] The computation of time for complaints filed by *pro se* inmates is determined according to the "mailbox rule." *See Houston v. Lack*, 487 U.S. 266 (1988); *Burns v. Morton*, 134 F.3d 109, 112 (3d Cir. 1998); *Gibbs v. Decker*, 234 F. Supp. 2d 458, 463 (D. Del. 2002). Here, Plaintiff's Complaint was signed on January 27, 2019, and submitted for e-filing by prison authorities on January 30, 2019. Therefore, the Court concludes that the complaint was filed on January 27, 2019, the date it was signed, and the earliest date possible that it could have been delivered to prison officials in Delaware to submit for e-filing.

5

under § 1983. *See Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016). A defendant in a civil rights action "cannot be held responsible for a constitutional violation which he [ ] neither participated in nor approved." *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007); *see also Polk County v. Dodson*, 454 U.S. 312, 325, (1981) (holding that liability in a § 1983 action must be based on personal involvement, not respondeat superior). Such involvement may be "shown through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005).

In addition, Plaintiff alleges that Defendant is denying him mental health and medical treatment. A non-medical prison official, such as Defendant, must either actually know, or have reason to believe, that prison doctors are mistreating or not treating the prisoner to be liable for deliberate indifference. *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004).

The Complaint does not allege facts to support personal involvement on behalf of Defendant. Accordingly, the Court will dismiss the claims as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

**Eighth Amendment Claims**. Count One raises Eighth Amendment claims for the alleged denial of adequate mental health and medical treatment and unlawful conditions of confinement. The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-05 (1976). A condition of confinement violates the Eighth Amendment only if it is so reprehensible as to be deemed inhumane under contemporary standards or such that it deprives an inmate of the minimal civilized

measure of the necessities of life. *See Hudson v. McMillian*, 503 U.S. 1, 8 (1992); *Wilson v. Seiter,* 501 U.S. 294, 298 (1991).

Count One is deficiently pled. It does not adequately describe the type of mental health treatment Plaintiff believes is required. He alleges that he has not been provided required surgery, but does not indicate when this lack of medical care occurred. Also, Count One contains a litany of conditions under which he is housed, and many simply are not privileges guaranteed by the United States Constitution. Finally, as discussed above, Count One does not describe any facts suggesting Defendant's personal involvement in the alleged constitutional violations.

Accordingly, the Court will dismiss Count One as frivolous and for failure to state claims upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) and § 1915A(b)(1).

**Good Time Credits and Retaliation**. Count Two alleges that Plaintiff is not afforded an opportunity to earn good time credits and this results in a longer imprisonment. The Due Process Clause, however, does not guarantee the right to earn good time credits. *See Shockley v. Hosterman*, 2007 WL 1810480, at *3 (D. Del. June 22, 2007); *Abdul-Akbar v. Department of Corr.*, 910 F. Supp. 986, 1003 (D. Del.1995), *aff'd*, 111 F.3d 125 (3d Cir. 1997). Therefore, the claim fails.

The Complaint further alleges that he cannot earn good time credits due to retaliation by the DOC. A prisoner litigating a retaliation claim need not prove that he had an independent liberty interest in the privileges that he was denied. *Allah v. Seiverling*, 229 F.3d 220, 224-25 (3d Cir. 2000). Proof of a retaliation claim requires Plaintiff demonstrate that: (1) he engaged in protected activity; (2) he was subjected to

7

adverse actions by a state actor; and (3) the protected activity was a substantial motivating factor in the state actor's decision to take adverse action. *Carter v. McGrady*, 292 F.3d 152, 158 (3d Cir. 2002) (citing *Mt. Healthy Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *see also Allah v. Seiverling*, 229 F.3d at 226 (a fact finder could conclude that retaliatory placement in administrative confinement would "deter a person of ordinary firmness from exercising his First Amendment rights" (citations omitted)). "Retaliation for the exercise of constitutionally protected rights is itself a violation of rights secured by the Constitution actionable under § 1983." *White v. Napoleon*, 897 F.2d 103, 111-12 (3d Cir. 1990).

The Complaint does not described the protected activity Plaintiff allegedly engaged in and, therefore, fails to state a retaliation claim. It will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

**Amendment.** As pled, the Complaint fails to state actionable constitutional claims. However, since it appears plausible that Plaintiff may be able to articulate a § 1983 claim against Defendant or an alternative defendant or defendants, he will be given an opportunity to amend his pleading.

**Request for Counsel.** In the prayer for relief, Plaintiff requests counsel on the grounds that he needs expert testimony for complex issues. (D.I. 1 at 8). A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel. *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel

8

may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law.[4] *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. See *Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

After reviewing Plaintiff's request, the Court concludes that, at this juncture, an attorney is not warranted. The case is in its early stages and there is no operative pleading. In addition, to date, the filings in this case demonstrate Plaintiff's ability to articulate his claims and represent himself. Thus, in these circumstances, the Court will deny without prejudice to renew Plaintiff's request for counsel. Should the need for counsel arise later, one can be appointed at that time.

---

[4] *See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

## CONCLUSION

For the above reasons, the Court will dismiss the Complaint as frivolous and for failure to state claims upon which relief may be granted pursuant to U.S.C. §§1915(e)(2)(B)(i) and (ii) and 1915A(b)(1). Plaintiff will be given leave to file an amended complaint.

An appropriate Order will be entered.